# Hunt Motor Company, Inc., v. The Fidelity and Casualty Company of New York

Before McCann, P. J., McKenrick and Griffith, JJ.

*Samuel R. Di Francesco*, for plaintiff.

*Edward J. Harkins*, for defendant.

McCann, P. J., April 17, 1951.—The Hunt Motor Company, Inc., brought an action in assumpsit against the Fidelity and Casualty Company of New York, claiming the sum of $865.72. The action is based upon a policy of insurance executed by defendant in favor of plaintiff and covering certain premises on East High Street, Ebensburg, Pa. On December 5, 1949, the premises insured under the policy was burglarized by burglarious entry upon the premises, and as a result of the burglary numerous articles were stolen and taken away from the premises. A list of the alleged stolen property is attached to plaintiff's complaint.

Defendant filed preliminary objections based upon the proposition that the policy sued on does not entitle plaintiff to recover any part of plaintiff's claim except the sum of $10 for the repair of a cabinet lock broken during the burglarious entry of the building. The preliminary objections further set forth that the policy sued on does not insure plaintiff against burglary, but covers only loss caused by robbery or safe burglary. A reading of the policy shows that defendant's contention is sound.

Under the policy insuring agreements, 2, entitled "COVERAGE WITHIN PREMISES", it is stated:

"(B) Of other property or damage thereto (except by fire) caused by Robbery or Safe Burglary or attempt thereat within any of the Premises and damage (except by fire) to a locked cash register, cash drawer or cash box in the Premises caused by felonious entry into such container or attempt thereat; and damage (except by fire) to the Premises caused by Robbery, Safe Burglary or burglarious entry into the Premises, or attempt thereat."

Clearly, the coverage of the policy does not extend to what is known as "Burglary", but is limited to "Robbery" and "Safe Burglary". Under the title of definitions as set forth in the policy we have the following:

" 'Robbery' means the felonious and forcible taking of insured property (1) by violence inflicted upon a Messenger or a Custodian; (2) by putting him in fear of violence; (3) by any other overt felonious act committed in his presence and of which he was actually cognizant provided such other act is not committed by a partner or Employee of the Assured; (4) from the person or direct care and custody of a Messenger or Custodian", etc.

At the argument of the preliminary objections counsel for plaintiff contended that the offenses contem-

plated in the policy, and which resulted in the loss of the property, were to be given their popular meaning, and that the ordinary person applying for insurance considers robbery and burglary as synonyomus. It is true that a policy of insurance prepared by an insurer is to be interpreted most favorably to the insured, and is to be construed most strongly against the insurer. Where, however, the conditions under which claim may be made on a policy of insurance are clearly set forth and defined in the policy, then the effect of the words used must be given their legal significance. Clearly, in law, "Robbery" and "Burglary" are different offenses. "Burglary" results from the felonious entry of premises and the carrying away of goods therein, with intent to steal and convert them to the use of the taker. "Robbery" is the stealing of goods from the person of another, or from his immediate presence by force, or by putting him in fear. There is nothing in plaintiff's complaint to indicate that a robbery was committed, and the only offense chargeable against the intruder is burglary. As we have indicated, the policy does not cover burglary, but is limited to robbery, except in one particular to which we will now refer.

"Safe Burglary", as defined in the policy, means the felonious abstraction of insured property from within a safe or vault located in the premises by any person or persons making felonious entry into such safe or vault when all doors thereto are duly closed and locked.

Defendant concedes that under the terms of the policy it is liable for the cost of repairing a cabinet lock broken during the burglary. This item has been listed in plaintiff's complaint, in exhibit B, and the cost of repairs fixed at $10. Defendant admits liability in the sum of $10, and is willing that judgment be entered against it for that sum.

Plaintiff's complaint failing to show actual destruction, disappearance or wrongful abstraction of property caused by robbery or safe burglary, and the theory upon which plaintiff sued being based upon burglary alone, there is no liability on defendant under the policy except for the item of $10 hereinabove referred to.

Defendant requests the court to enter judgment for the sum of $10 only in favor of plaintiff, and to enter judgment on the pleadings, with the exception of the item of $10, in favor of defendant.

We must sustain the preliminary objections, except as to the item of $10 referred to, and, therefore, make the following

### Decree

And now, April 17, 1951, after argument and upon due consideration, judgment is entered on the pleadings in favor of plaintiff and against defendant for the sum of $10. The preliminary objections to the balance of plaintiff's claim are sustained.